IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL RUPERT SMITH, | ) | |
| AIS #137787, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-CV-975-WHA |
| | ) | [WO] |
| | ) | |
| LEON FORNISS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Carl Rupert Smith ("Smith"), a state inmate, on November 1, 2012.¹ In this petition, Smith challenges two murder convictions imposed upon him in 1984 by the Circuit Court of Houston County, Alabama.² On April 5, 1984, the trial court sentenced Smith to consecutive

---

¹ The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Smith submitted an application to proceed *in forma pauperis* with his habeas petition.  The application indicates that Smith completed this document on November 1, 2012.  *Doc. No. 2* at 3.  Thus, this is the earliest date Smith could have placed his petition and the attached *in forma pauperis* application in the prison mail system.  In light of the foregoing and for purposes of the proceedings herein, the court considers November 1, 2012, as the date of filing.

² In 1982, a Dallas County Grand Jury indicted Smith for capital murder under *Ala. Code* § 13A-5-40(a)(10) for the July 13, 1982, shooting deaths of his ex-wife, Norma Jean Smith Ware, and her husband, Hugh Marlin Ware.  Section § 13A-5-40(a)(10) defines as a capital offense "[m]urder wherein two or more persons are murdered by the defendant by one act or pursuant to one scheme or course of conduct."  "[T]he terms 'murder' and 'murder by the defendant' as used in this section to define [a] capital offense[] mean murder as defined in Section 13A-6-2(a)(1) but not as defined in Section 13A-6-2(a)(2) and (3) [which address reckless and felony murder, respectively]."  *Ala. Code* § 13A-5-40(b).  Thus, the murders charged in the indictment issued against Smith for the capital offense listed in *Ala. Code* § 13A-5-40(a)(10) are by statutory definition murders as defined by *Ala. Code* § 13A-6-2(a)(1).  Under this section of the criminal code, a person commits murder when "[w]ith intent to cause the death of another person, he

life sentences for these convictions.  The record indicates that the murder convictions and resulting sentences became final by operation of law in May of 1984.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the limitations period applicable to 28 U.S.C. § 2254 petitions.  *Respondents' Answer - Doc. No. 10* at 6-7.  In support of this argument, the respondents contend that because Smith's murder convictions became final long before the effective date of the AEDPA, the limitations period began to run on April 24, 1996.  *Id.*; *Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, 1831 (2012) ("For a prisoner whose

---

causes the death of that person or of another person." *Ala. Code* § 13A-6-2(a)(1).  The petitioner obtained a change of venue and the trial of his case therefore occurred before a Dallas County Circuit Judge, the Honorable John C. Norton, in the Circuit Court of Houston County, Alabama.  On April 2, 1984, a jury returned two separate convictions against Smith for the lesser included offenses of murder under *Ala. Code* § 13A-6-2(a)(1) with respect to his killings of the Wares, and the trial court adjudged Smith guilty of these offenses.  *Respondents' Exhibit 1 - Doc. No. 10-1* at 14.

In the instant habeas petition, Smith argues that the trial court "had no jurisdiction to adjudicate [him] guilty of . . . Two counts of Felony Murder" as felony murder is not a lesser included offense of Capital Murder under *Ala. Code* § 13A-5-40(a)(10).  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 5.  Felony murder occurs when a defendant causes the death of any other person while attempting to commit, during the commission of or in flight from "arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, and any other felony clearly dangerous to human life." *Ala. Code*. § 13A-6-2(a)(3).  Unlike murder as defined by *Ala. Code* § 13A-6-2(a)(1), intent is not an element of felony murder.  Initially, although Smith alleges his convictions are "felony murder" convictions, a thorough review of the state court record and applicable state law demonstrates that Smith was found guilty of the two separate offenses of intentional murder referenced in the indictment, not felony murder.  *Respondents' Exhibit 1 - Doc. No. 10-1* at 14; *Respondents' Exhibit 2 - Doc. No. 10-2* at 1-2.  In addition, contrary to Smiths's lesser included offense challenge, murder as defined by the provisions of *Ala. Code* § 13A-6-2(a)(1) is the definition of murder utilized in the capital statute and constitutes a lesser included offense of capital murder as set forth in *Ala. Code* § 13A-5-40(a)(10).  *See Ala. Code Ala. Code* § 13A-1-9(a), § 13A-5-40(b) and 13A-5-41; *Ex parte Washington*, 448 So.2d 404, 407 (Ala. 1984) (citations omitted) ("[I]t has long been the law that a person indicted for a specific offense can be convicted of a lesser included offense.  This is true because a lesser included offense is generally defined as an offense the elements of which must necessarily be proven in order to convict for the specific higher offense."); *Baird v. State*, 849 So. 2d 223, 248-49 (Ala. Cr. App. 2002) (murder is lesser included offense of capital murder under *Ala. Code* § 13A-4-40(a)(10)); *Holloway v. State*, 971 So. 2d 729, 734 (Ala. Cr. App. 2006) (holding that murder of an individual listed as a victim in indictment for capital murder under § 13A-5-40(a)(10) is a lesser included offense of the charged capital offense); *Holladay v. State*, 549 So. 2d 122, 129 (Ala. Cr. App. 1988) ("Since intentional murder [as defined in § 13A-6-2(1)] is an element of § 13A-5-40(a)(10) and this fact must be proven to support a conviction of this capital offense, intentional murder is by definition and statute a lesser included offense of § 13A-5-40(a)(10).").

judgment became final before the AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996."); *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (Prisoners whose convictions were final prior to passage of the AEDPA are allowed a reasonable period of time after enactment of section 2244(d)'s one-year period of limitation to file their habeas petitions and "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."). Because Smith's murder convictions became final well before passage of the AEDPA, his "time for filing a federal petition therefore began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997, unless [Smith] had a 'properly filed' application for postconviction relief 'pending' during that period." *Wood*, --- U.S. at ---, 132 S. Ct. at 1831; 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.").

The respondents acknowledge that Smith filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in the Circuit Court of Houston County, Alabama on May 27, 2010, challenging his murder convictions. *Respondents' Exhibit 1 - Doc. No. 10-1* at 6-16.[3] The respondents assert that this Rule 32 petition did not

---

[3]The Rule 32 petition reflects that Smith certified the document on May 27, 2010. *Respondents' Exhibit 1 - Doc. No. 10-1* at 16. Thus, this is the earliest date Smith could have presented the state post-conviction petition to prison officials for mailing. As previously noted, *supra*. at n.1, a *pro se* inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-72. "Alabama courts have [adopted this rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App.

3

toll the one-year period of limitations because Smith filed the petition after expiration of the federal limitations period and, therefore, this state post-conviction petition was not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite period of limitations. *Respondents' Answer - Doc. No. 10* at 7; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the respondents maintain that "the limitations period began running for Smith on [the] AEDPA's effective date of April 24, 1996," and, in the absence of statutory or equitable, tolling expired on April 27, 1997. *Respondents' Answer - Doc. No. 10* at 7. "The limitations period therefore expired more than fifteen years before Smith filed the instant petition." *Id*.

---

1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. Thus, this court considers May 27, 2010, as the appropriate date of filing for Smith's Rule 32 petition.

4

Based on the foregoing, the court entered an order advising Smith he failed to file his federal habeas petition within the limitations period established by federal law. *Order of January 2, 2013 - Doc. No. 12*. This order provided Smith an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 6. In response to this order, Smith asserts that to apply the AEDPA "retroactively in this case would be a violation of Ex Post Facto." *Petitioner's Traverse - Doc. No. 11* at 1. Smith further argues that his claim before this court challenging the trial court's jurisdiction is a claim that "may be raised at any time and at any level or Court." *Id*.

Upon review of the pleadings filed by the parties, the undisputed state court record, relevant state law and applicable federal law, the court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that this habeas petition is due to be denied as Smith failed to file the petition within the applicable one-year period of limitations.

## II.  FEDERAL LIMITATIONS PERIOD

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996, and amended the habeas corpus statute to include a one-year period of limitations on petitions filed pursuant to 28 U.S.C. § 2254. This limitations period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the

> conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Initially, the statute directs that the limitations period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court by properly exhausting the direct appeal process, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Jimenez v. Quarterman*, 211 F.3d 1225 (11th Cir. 2000) (Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period "begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) when the Supreme Court denies certiorari or the time to apply for certiorari expires. The ninety-day period in which to seek certiorari from the United States Supreme Court counts towards the one-year period of limitations when a petitioner fails to properly preserve his right to seek this relief by failing to present his claims to the highest state court on direct appeal.

In addition, the provisions of 28 U.S.C. § 2244(d)(1)(B), (C) and (D) provide other potential start dates for the limitations period, i.e., the date a State impediment to filing was removed, the date the asserted constitutional right was first recognized by the United States Supreme Court where the right is newly recognized and made retroactively applicable, and the date on which the petitioner could have discovered the factual predicate of his claim with the exercise of due diligence.

On April 2, 1984, a duly empaneled jury found Smith guilty of two counts of murder arising from his indictment for capital murder "because it was '[m]urder wherein two or more persons [were] murdered by the defendant by one act or pursuant to one scheme or course of conduct.' § 13A-5-40(a), Ala. Code 1975." *Respondents' Exhibit 2 (Memorandum Opinion on Appeal from Denial of Rule 32 Petition) - Doc. No. 10-2* at 1. On April 5, 1984, the trial court sentenced Smith "to consecutive terms of life imprisonment" for these convictions. *Id*. at 2. Although Smith alleges that he filed an unsuccessful appeal of his

murder convictions, he has presented no evidence in support of this allegation nor has this court located any such evidence.[4] Since Smith failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his murder convictions. By operation of law, Smith's murder convictions became final on May 17, 1984 -- forty-two days after the trial court imposed the sentences against him as this is the date on which his time to seek direct review of the murder convictions expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.[5] Thus, if this court applied the AEDPA retroactively to Smith's habeas petition, the one-year period of limitations contained in section 2244(d)(1) would have expired on his murder convictions numerous years prior to enactment of the AEDPA. Federal courts have uniformly recognized that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Smith], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.'" *Wilcox*, 158 F.3d at 1211 (quoting *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)). Consequently, the "time for filing a federal petition therefore began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997,

---

[4] The only appeal of a conviction undertaken by Smith located by this court was an appeal involving a 1986 conviction for escape imposed upon Smith by the Circuit Court of Chilton County, Alabama. This escape occurred on April 25, 1985, while Smith was serving the life sentences imposed upon him for the 1984 murder convictions he now challenges. The trial court likewise found no evidence of an appeal filed by Smith regarding his murder convictions. *Respondents' Exhibit 1 - Doc. No. 10-1* at 80. It is also clear that even had Smith appealed his 1984 convictions the convictions would have become final several years prior to enactment of the AEDPA. Finally, Smith concedes that his habeas petition is not timely filed but argues that application of the limitations period constitutes a violation of the Ex Post Facto Clause. *Petition for Habeas Corpus Relief - Doc. No. 1* at 13. As determined *infra*. at 10-13, this argument is without merit.

[5] Even assuming an unsuccessful appeal of the murder convictions, it is undisputed that these convictions became final prior to enactment of the AEDPA.

8

unless [Smith] had a 'properly filed' application for postconviction relief 'pending' during that period." *Wood*, --- U.S. at ---, 132 S. Ct. at 1831; *Wilcox*, 158 F.3d at 1211 (Prisoners whose convictions are "final before the AEDPA's effective date of April 24, 1996, " are allowed a reasonable time after enactment of § 2244(d)(1)'s one-year period of limitations to file their § 2254 petitions and "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."); *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998) (In cases of prisoners whose convictions became final prior to the effective date of the AEDPA, the limitations period runs from the AEDPA's effective date, April 24, 1996, thereby eliminating any retroactivity problems.).

### A. Applicability of the Limitations Period

Smith argues that his claim challenging the validity of his convictions is a jurisdictional claim which is not governed by the one-year period of limitations established by federal law. However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law. Thus, this assertion fails to entitle him to relief from application of the time bar.[6] Moreover, the court notes that no government

---

[6] The Alabama Court of Criminal Appeals also determined that this claim lacked merit. Specifically, the appellate court determined that:
> With respect to the substance of Smith's claim, Smith has not demonstrated that he is entitled to relief. First, Smith's claim[] [is] premised on his contention that at least one of his convictions is for felony murder; we, however, agree with the circuit court that Smith was found guilty of murder, not felony murder. Furthermore, Smith's claim on appeal -- that he could not be convicted of felony murder because it is not a lesser-included offense of capital murder -- is a nonjurisdictional claim [under applicable State law] that is subject to the limitations period and preclusionary bars asserted by the State."

*Respondents' Exhibit 2 (Memorandum Opinion on Appeal from Denial of Rule 32 Petition) - Doc. No. 10-2* at 3 (citations to record and case law omitted).

9

impediment existed to the presentation of Smith's habeas claim attacking the jurisdiction of the trial court nor is this claim based on a newly recognized constitutional right. Furthermore, the factual predicate of Smith's claim for federal habeas relief was available to him at the time the trial court imposed the murder convictions upon him. The claim presented by Smith therefore fails to meet any of the exceptions for extension of the limitations period's start date set forth in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

Smith further argues that application of the period of limitations directed by federal law to his habeas petition would violate the Ex Post Facto Clause as the convictions challenged in the petition became final prior to enactment of the AEDPA. This argument is foreclosed by well established federal law. *Wood*, --- U.S. at ---, 132 S. Ct. 1831 (holding that grace period of one year from effective date of the AEDPA was properly applied to prisoner's habeas petition challenging a robbery conviction which became final in 1990 to bar federal review of the petition); *Wilcox*, 158 F.3d at 1211 (Prisoners whose convictions became final prior to the effective date of the AEDPA have one year from enactment of the AEDPA to file federal habeas petitions and, therefore, application of limitations period under these circumstances is not impermissibly retroactive.); *Verikokidis v. Galetka*, 42 F. App'x 311, 312 (10th Cir. 2002) (Application of the AEDPA's period of limitations to the habeas petition of a prisoner challenging a conviction imposed prior to enactment of the AEDPA did not violate the Ex Post Facto Clause as "[t]he Ex Post Facto Clause is only applicable when a law retrospectively alters the definition of criminal conduct or increases the punishment for

the crime" and "application of [the] AEDPA to [Petitioner's] petition does not implicate either of these problems."); *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000) (citation omitted) (The petitioner's claim that the district court erred in applying the AEDPA's limitations period to her habeas petition challenging a 1990 manslaughter conviction "is entirely without merit . . . . Since [the AEDPA] 'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application to [Petitioner] does not violate the Ex Post Facto Clause."); *Libby v. Magnusson*, 177 F.3d 43, 46 (1st Cir. 1999) (holding that application of the AEDPA's limitations period and successive petition restrictions to a habeas petition challenging petitioner's 1987 murder conviction did not violate the Ex Post Facto Clause); *Neelley v. Nagle*, 138 F.3d 917, 921 (11th Cir. 1998), overruled on other grounds, *Parker v. Head*, 244 F.3d 813, 835 (11th Cir. 2001) (Petitioner's argument "that application of [the] AEDPA to her petition would be fundamentally unfair and a violation of the Constitution's Ex Post Facto Clause, as [the] AEDPA was not enacted until after [her capital murder conviction was final] and she [had] exhausted her state court remedies[,] . . . is without merit."); *Rashid v. Khulmann*, 991 F. Supp. 254, 260-61 (S.D.N.Y. 1998) (internal quotation marks and citations omitted) (emphasis in original) (Petitioner's contention "that the application of the . . . reasonable time limit to his petition [challenging controlled substance convictions which became final in 1986] constitutes a violation of the Ex Post Facto Clause . . . is incorrect. The Ex Post Facto Clause applies only to penal statutes, i.e.,

legislative action that retroactively punishes as a crime an act previously committed, which was innocent when done, makes more burdensome the punishment for a crime, after its commission, or deprives one charged with [a] crime of any defense available according to the law at the time when the act was committed. . . . The statute of limitations created by the AEDPA does not fall under any of [these] three . . . categories.  Moreover, even though it may work to the disadvantage of a defendant, a procedural change [such as the AEDPA's enactment of a limitations period] is not ex post facto. . . .  In addition, properly viewed, the imposition of the statute of limitations did not disadvantage the petitioner, because it still left him a reasonable time in which to file his petition. . . . [T]he focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of disadvantage, nor . . . on whether the amendment [of the law] affects the prisoner's *opportunity* to take advantage of provisions [more advantageous to him], but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. . . .  The statute of limitations does neither of these two things, and thus does not violate the Ex Post Facto Clause."). In light of the foregoing, the federal limitations period is applicable to the instant petition for habeas corpus relief.

### B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

section." Although Smith filed a Rule 32 petition in May of 2010, this petition did not toll the federal limitations period because Smith filed the state post-conviction petition several years after the limitations period had expired. *Webster*, 199 F.3d at 1259 ("A state court petition . . . filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore*, 321 F.3d at 1381 (Statute permits tolling of the limitations period only while a properly filed state post-conviction action is pending and such action cannot "reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.").

The court therefore concludes that the tolling provision of 28 U.S.C. § 2244(d)(2) is unavailing with respect to the Rule 32 petition filed by Smith on May 27, 2010. Thus, the federal limitations period began to run on April 24, 1996, and, absent equitable tolling, the time allowed Smith for filing a federal habeas petition expired on April 24, 1997.

### C. Equitable Tolling

Case law directs that the limitations period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will

13

only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002). The AEDPA's one-year period of limitations "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Smith presents no arguments relative to equitable tolling. Nevertheless, to the extent the pleadings before this court can be liberally construed to seek equitable tolling based on Smith's limited legal knowledge, he is entitled to no relief as the law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitations period. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.

2000), *cert. denied*, 534 U.S. 863 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), *cert. denied*, 531 U.S. 840 (2000) (petitioner's *pro se* status throughout majority of limitations period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999), *cert. denied*, 528 U.S. 1007 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Moreover, the record before this court is devoid of any evidence indicating an "extraordinary circumstance" existed which "prevented" Smith from filing a timely federal petition for habeas corpus relief. Additionally, Smith presents nothing demonstrating he exercised diligence in pursuing relief in a § 2254 petition. The record is therefore devoid of evidence that Smith's over fifteen year delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Under the circumstances of this case, this court "cannot say that [Smith] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Smith is not entitled to equitable tolling of the limitations period.

### D.  Expiration of the Limitations Period

Based on the foregoing, the applicable one-year period of limitations began to run on April 24, 1996, and expired on April 24, 1997. Smith filed the instant petition for federal habeas relief on November 1, 2012, over fifteen years after expiration of the federal limitations period. Smith has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Carl Rupert Smith be denied as it was not filed within the applicable period of limitations established by federal law.

2. This case be dismissed with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 14, 2015**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 31st day of March, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE